## Brown *v.* Smith.

Fish, C. J.  A wife sued her husband for a total divorce, and alleged that there was a girl child, the issue of the marriage, about twenty-two months old, and set forth in her petition that the husband, from whom she was then living in a bona fide state of separation, had declared

that the wife should not retain the custody of the child, and that she feared that the husband would do bodily harm to her and the child in his efforts to regain its custody, and, among other things, prayed that the husband "be enjoined from in any manner interfering with the petitioner in the custody and control of said child, or molesting her in any way relative to the custody of the child." Upon presentation of the petition the judge granted an order which, among other things, enjoined and restrained the husband as prayed. On a preliminary hearing the judge granted temporary alimony and attorney's fees, and ordered that "the defendant is enjoined as'prayed." Two verdicts having been rendered finding a total divorce for both parties, and removing their disabilities, a decree was entered in accordance with such verdicts, and the custody of the child was awarded to the wife. The decree made no reference to an injunction against the husband. Nearly nine years thereafter, when the child was more than thirteen years old, her father took her in custody without the knowledge or consent of her mother. The mother sought to recover the child's custody from her father, by writ of habeas corpus issued by the ordinary of the county. Upon a hearing of the habeas-corpus proceeding, the ordinary awarded the custody of the child to her mother; but on notice by the father of his intention to take the case by certiorari to the superior court, the ordinary gave to the father the temporary custody of the child on conditions stated. The record does not disclose what was done in reference to the certiorari. Subsequently the mother sought to have the father of the child attached for contempt for violating the judgment of the court enjoining him from interfering with the mother's custody of the child, the act of contempt alleged being that the father had surreptitiously taken charge of the child and brought her away from the home of the mother without her knowledge or consent. Upon a hearing in the contempt proceeding the judge adjudged the father of the child to be in contempt of court "for violating said decree" rendered in the divorce suit, and that he be committed to the jail of the county until he should surrender, restore, and place the child into the custody and control of her mother. This order was subsequently modified in view of a contemplated writ of error to be sued out by the defendant therein. *Held*:

1. The temporary restraining order granted in the rule nisi, and the interlocutory injunction granted on the preliminary hearing, continued only until the final termination of the divorce suit, which resulted in the decree granting a total divorce to both parties and awarding the custody of the child to the mother. On a preliminary hearing the judge could not grant a permanent injunction. *Payton* v. *Ford*, 134 *Ga.* 587 (68 S. E. 300); *Southern Cotton Oil Co.* v. *Overby*, 136 *Ga.* 69 (70 S. E. 664). The decree did not purport to continue the interlocutory injunction, nor did its rendition operate to do so.

2. There being no injunction inhibiting the father from taking the custody of the child after the rendition of the decree, his so doing, without the

knowledge or consent of the mother was not an act in contempt of any existing order or decree of the court; and it was therefore error to hold the father to be in contempt of the court.

*Judgment reversed. All the Justices concur, except Gilbert, J., absent for providential cause.*

No. 1695.　APRIL 14, 1920.

Attachment for contempt.　Before Judge Morris.　Cobb superior court.　September 27, 1919.

*Gordon B. Gann* and *Joe Abbott*, for plaintiff in error.