*Dowling & Askew,* for plaintiff. *Hill & Gibson,* for defendant.

---

# ROE *v.* WATSON.

1. Where there was a judgment awarding alimony, which the husband subsequently failed to pay in the monthly installments as provided in the judgment, and a petition was filed by the wife, praying that the husband be required to show cause why he should not pay the alimony or be punished for contempt, it was not error to refuse to dismiss such petition on the ground that it was not sworn to.

2. The judgment requiring the payment of alimony within the time specified, and in default of such payment that the defendant be incarcerated, was authorized under the pleadings and the evidence.

No. 2225. APRIL 12, 1921.

Attachment for contempt. Before Judge Dickerson. Berrien superior court. August 14, 1920.

*Story & Story,* for plaintiff in error. *W. D. Buie,* contra.

BECK, P. J. Amy Roe Watson made her application to the superior court for the issuance of a rule to require Jacob Roe to show

cause why he should not be attached for contempt because of his failure to comply with an order and judgment of the court previously granted, awarding alimony to the applicant. It was alleged that the movant had been awarded in said court the sum of $17.50 permanent alimony to be paid monthly, that after a few payments of this sum the defendant failed and refused to make further payments, and that he was in arrears at the time of filing the petition, in the amount of $157.50. The court issued a rule nisi calling upon the defendant to show cause why he should not be attached for contempt, etc. At the hearing the respondent made a motion to dismiss the petition or application, on the ground that it was not sworn to, which motion was overruled; and after hearing evidence the court further adjudged that the defendant should pay the amount of the alimony for which he was in arrears within sixty days, and, upon his failure and refusal to do so, that he should be confined in jail. The respondent excepted to the judgment denying his motion to dismiss the petition, and also to the order requiring the sheriff, in the event of failure to pay the alimony within sixty days, to incarcerate the respondent.

There was no error in refusing to dismiss the application for the issuance of the rule nisi. There is no provision in the statute requiring such petitions or applications or motions to be sworn to. Civil Code, § 5431; 6 R. C. L. 531. It might be proper for the judge, before issuing the rule nisi, to require an applicant to make a showing upon oath that the facts stated in the petition for such a rule nisi were true; but where he issues the rule upon the written representations of an applicant, and there is proper service, and the respondent is brought before the court, the court may, upon sufficient evidence showing that the respondent has failed and refused to comply with the decree awarding alimony, adjudge him in contempt; and further, that in the event of his failure to comply with the judgment, he be incarcerated. The fact that in the present case the judge allowed the defendant sixty days within which to pay the amount of alimony in arrears at the time of the judgment was not a matter of which he could complain.

Under the evidence submitted the judge was authorized to find that the plaintiff in error was in contempt, and that he had not purged himself thereof.

*Judgment affirmed. All the Justices concur.*