## COX v. DUCKWORTH.

The petition in this case shows a plaintiff, a defendant, a duty owing by the defendant to the party for whom the plaintiff sues, and a breach of that duty, rendering the defendant liable under the law; and the court did not err in overruling a general demurrer to the petition, although it contains allegations not appropriate to this action but to an action of a different nature.

No. 3737. OCTOBER 12, 1923.

Alimony, etc. Before Judge Franklin. Richmond superior court. March 24, 1923.

W. G. Cox and Lillian Crosby were married on April 18, 1918, in the State of Georgia, Richmond County. They were both granted a total divorce by a decree of the superior court, June 26, 1920. The issue of the marriage was a girl named Lillian Crosby Cox. By the decree of divorce the custody of that child was to remain with the mother; and W. G. Cox was required to pay as

permanent alimony for the support of mother and child the sum of $40 per month. Early in 1921 Lillian Crosby Cox was married to one Duckworth. After her second marriage she did not accept or receive from W. G. Cox any sum as alimony for herself, but did receive alimony for the child until July, 1922, the amount of $20 per month. During the month of August, 1922, W. G. Cox brought a petition in the superior court, against his former wife, praying for the writ of habeas corpus and for the custody of his child, on the ground that Mrs. Duckworth had refused to allow him to see or in any way communicate with the child; and that the mother was teaching the child to forget and disown her father. Upon hearing the writ of habeas corpus the court refused to remove the custody of the child from the mother, but reduced the alimony to $20 per month, the allowance for the child. This order was never reduced to writing, never signed by the presiding judge, and consequently was never placed on the minutes of the court, as is admitted in the petition in the case now before this court.

On March 6, 1923, Mrs. Lillian Crosby Cox Duckworth filed her petition in the superior court, setting out these facts, and praying that a rule nisi issue requiring W. G. Cox to show cause why he should not be attached for contempt for failure to pay the sum of $100 past-due alimony, including reasonable attorney's fees; and that an order issue against the defendant, requiring him to give bond and security not to remove beyond the jurisdictional limits of the State, and to pay any judgment that may be found against him in the proceedings. A rule nisi calling upon him to show cause was issued; and also an order that in default of bond by the defendant not to remove beyond the jurisdictional limits of the State, he should be committed to jail, etc. The defendant appeared and moved to dismiss the petition in this case, on numerous grounds, among them, that there was no legal or equitable cause of action set out in the petition; because the petition was not verified; because the order and decree of the court alleged to have been rendered in August, 1922, on the petition for habeas corpus, was not shown to have actually existed, nor that it was ever signed or made a part of the court record; because the petition shows on its face that the plaintiff is a lawfully married woman, that she had been totally divorced from the defendant, and is not entitled to the claim of attorney's fees for services rendered in the present pro-

ceeding; and because the petition does not allege that she brings such proceedings for the benefit of the minor child, Lillian Crosby Cox, etc. The motion to dismiss was overruled, and the defendant excepted.

*Henry C. Hammond* and *Henry G. Howard,* for plaintiff in error.

*McDonald & Ross,* contra.

BECK, P. J. (After stating the foregoing facts.)

1. The motion to dismiss was in the nature of a general demurrer to the petition, and the court properly overruled it. That the petitioner failed to set forth a case for the issuance of the writ of ne exeat, or for the requirement that the defendant give bond, might have been grounds for demurrer to the paragraphs of the petition in which allegations are made appropriate in an application for the writ of ne exeat; but inasmuch as the petition shows that the complainant and the respondent, after their marriage, had been divorced, that both had remarried, that the decree in the divorce proceedings made provisions for the applicant and the child, and that the complainant is seeking to compel payment only of that part of the allowance made in the decree for divorce which she claims is due for the support of the child, and which defendant had failed to pay for several months, the motion to dismiss the entire case should have been overruled; and the order of the court to this effect was not error.

The petition was properly retained and treated, as the order of the judge shows, as one seeking an order requiring the payment of the part of the allowance made to the child in the decree of divorce. The allegations for this purpose were sufficient as against a general demurrer. Civil Code, §§ 2981, 2982; *McNorrill* v. *Daniel,* 121 *Ga.* 79 (48 S. E. 680). Regarding the petition in this light, the fact that it was not verified did not require its dismissal. *Roe* v. *Watson,* 151 *Ga.* 365 (106 S. E. 907).

*Judgment affirmed. All the Justices concur.*