WALTON, executor, *v.* BENTON; *et vice versa.*

NOS. 13559, 13560. FEBRUARY 3, 1941.

*Sydney H. Baynes* and *P. W. Walton Jr.,* for plaintiff in error.
*W. W. Walker* and *J. Ben Warren,* contra.

DUCKWORTH, Justice. The banking act of 1919 was amended in 1925 (Ga. L. 1925, p. 119), and by the amendment the grounds of attack now made upon the original act were met by providing that "any stockholder shall have the right by affidavit of illegality, as in cases of affidavits of illegality to other executions, to contest his liability for such assessment and the amount and necessity thereof. Where an affidavit of illegality is filed with the levying officer he shall return the same, together with the execution, to the superior court of the county of the residence of the stockholder, to be there tried as illegalities filed to executions issued on judgments rendered by said courts are tried." Cases arising under the banking law subsequently to the 1925 amendment are governed by the provisions of the amendment and not the original act; hence are not concerned about the alleged defect in the original act. But the present case arising in 1923 is governed by the original act, and it is necessary to determine the validity of the portion of the act here under attack. This question has been before this court a number of times. In *Bennett* v. *Wheatley,* 154 *Ga.* 591 (115 S. E.

83), by a decision concurred in by only four Justices, the provision of the act here involved was sustained as against the same attack that is made in this case. In a number of other cases subsequent thereto, in some of which the trial courts had held the act valid while in others it had been held invalid, these judgments were affirmed by operation of law, because this court was equally divided on the question. Finally, in *Gormley* v. *Walton,* 180 *Ga.* 660 (180 S. E. 220), by a decision concurred in by four Justices, the act was held invalid upon the ground now urged. Neither of these decisions was concurred in by all the Justices, hence neither is binding upon this court. Nor do the facts justify the application of the doctrine of stare decisis, since the conflict in those decisions showed the uncertainty of the law on the question. This confusion and uncertainty has surrounded the question ever since it was first raised. We agree to the correctness of the decision in *Gormley* v. *Walton,* supra, and now hold that the act is unconstitutional in the respect pointed out by the affidavit of illegality, and the reasons upon which our judgment rest are well stated in the dissenting opinion in *Bennett* v. *Wheatley,* supra. In view of the 1925 amendment curing this defect of the act, we think further discussion is unnecessary. The affidavit of illegality contained valid ground of attack, and it was error to dismiss the same. All questions raised in the cross-bill of exceptions are controlled by this ruling.

*Judgment reversed on the main bill of exceptions, and affirmed on the cross-bill. All the Justices concur, except Atkinson, P. J., and Grice, J., who dissent.*

GRICE, Justice. For the reasons stated in the majority opinion in *Bennett* v. *Wheatley,* 154 *Ga.* 591, 596-606 (supra), art. 7, sec. 20, of the banking act (Ga. L. 1919, p. 160), prior to the amendment thereto referred to in the prevailing opinion, does not in my judgment offend art. 1, sec. 1, par. 3, of the constitution (Code, § 2-103). Mr. Presiding Justice Atkinson concurs in this dissent.