## GOODRUM v. GOODRUM.

JENKINS, Chief Justice. 1. Formerly, an order granting alimony could be enforced by attachment only. *Goss* v. *Goss*, 29 *Ga.* 109 (2).

2. Under the law as it now is, a decree for alimony may be enforced by attachment for contempt. *Van Dyke* v. *Van Dyke*, 125 *Ga.* 491, 492 (2) (54 S. E. 537).

3. Where, in a suit for divorce and alimony, the superior court has jurisdiction on the face of the record, and where after service on the defendant no plea to the jurisdiction is filed and the court awards alimony, it retains jurisdiction to enforce its judgment by attachment for contempt, notwithstanding the fact that subsequently to the rendition of the judgment the defendant may have removed his residence to another county; and this is true even though the defendant may then attempt to show that the court rendering the decree never did in fact have jurisdiction over his person.

*A fortiori,* is this true where the validity of the judgment granting divorce and alimony is not attacked at all. Here the wife, in whose favor the decree for alimony was rendered, herself seeks to enforce it by an attachment for contempt, but institutes her proceeding in another and different county from that in whose superior court the decree was rendered, thereby seeking to give one court jurisdiction to enforce by attachment for contempt the decree rendered by another and different court, on the ground that the defendant since the decree was rendered has removed his residence to the county in which she now seeks such relief.

4. Not only does the superior court rendering such a decree retain jurisdiction to enforce the same by attachment for contempt, but since "the jurisdiction of the contempt proceeding is an incident of the alimony suit" (*Bilbo* v. *Bilbo*, 167 *Ga.* 602, 146 S. E. 446), it is not concurrent but exclusive jurisdiction which it has. See also *Girtman* v. *Girtman*, 191 *Ga.* 173, 178 (11 S. E. 2d, 782); *Curtright* v. *Curtright*, 187 *Ga.* 122 (200 S. E. 711). The theory upon which the right of a court to punish for *contempt* is, that "Every court has power to compel obedience to its judgments, orders, and processes." *Gaston* v. *Shunk Plow Co.*, 161 *Ga.* 287, 298 (130 S. E. 580). It necessarily follows that "Only the court offended . . has power to punish for the contempt, or to entertain proceedings to that end." *In re Fite*, 11 *Ga. App.* 665 (3) (76 S. E. 397).

5. The court did not err in sustaining the written motion to dismiss, on the ground that the court in which the attachment proceeding for contempt was instituted was without jurisdiction.

*Judgment affirmed. All the Justices concur.*

No. 15770. APRIL 16, 1947.

*Hallie B. Bell,* for plaintiff. *Earl W. Butler,* for defendant.