### 32807. CAGLE *v.* PATTERSON.

WORRILL, J. 1. Where in a processioning proceeding the jury found the dividing line between the two coterminous landowners to be as claimed by the protestant, and the judgment of the court in accordance therewith did not contain any injunctive provision, the act of the losing party in thereafter constructing a wire fence upon a portion of the land of the protestant, though rendering him a trespasser, would not subject him to attachment for contempt of court, either criminal or civil, because of such alleged violation of the court's judgment. Accordingly, upon a review by this court, after a transfer of the case here by the Supreme Court, of a judgment of the trial court overruling a motion of the defendant to dismiss the action brought by the protestant to have the defendant adjudged to be in contempt of court because of such alleged violation of the said judgment, as well as the judgment of the court finding the defendant guilty, a motion by the defendant in error in this court to dismiss the writ of error on the ground that, "There are no proper parties defendant in error named in the bill of exceptions and upon whom service was perfected," only the protestant being named, and the movant contending in this court that the State of Georgia was a necessary party defendant in the bill of exceptions because, as he mistakenly conceives, the case was one involving criminal contempt of court, is without merit, and the motion to dismiss the writ of error is denied.

■

2. The court erred in overruling the defendant's motion to dismiss the action on the ground that the judgment of the court in the processioning proceeding was not such that the alleged violation thereof would subject him to an attachment for contempt of court, and all proceedings thereafter were nugatory.

*Judgment reversed. Sutton, C. J., and Felton, J., concur.*
Decided February 2, 1950. Rehearing denied February 17, 1950.

*Henry L. Barnett, Y. A. Henderson,* for plaintiff in error.
*Harbin M. King,* for defendant.