HAMMOCK *v.* HAMMOCK *et al.*

CANDLER, Justice. Mrs. Ellene Hammock instituted contempt proceedings in the Superior Court of Fulton County against Edward M. Hammock and Julius A. Hammock. Her case was heard on January 6, 1953, and the evidence shows the following facts: Mrs. Hammock and the respondent, Edward M. Hammock, were divorced in Fulton County on May 30, 1952. Custody of their three minor children was awarded by the presiding judge to her, but no injunction of any character was granted. She took possession of the children on June 6, 1952, and carried them to her home in Spalding County. Her former husband and his brother, Julius A. Hammock, came to her home a few days later and demanded possession of them. She refused to comply with their demand and exhibited to them a certified copy of the order placing custody of the children in her. Without her consent and over her protest, the respondents took the children and returned them to the home of their paternal grandfather in Fulton County, where she and they had resided for several years prior to May 30, 1952. The children have not been returned to Mrs. Hammock, but are presently at their father's home in Brunswick, Georgia. The respondents were on January 6, 1953, adjudged in contempt of the court and sentenced to serve a term of 20 days in the common jail of Fulton County. The contempt judgment further provided that they might purge themselves of the contempt, and relieve themselves of the punishment imposed therefor, by returning the children to Mrs. Hammock at her home in Spalding County within 5 days therefrom. The contempt judgment was modified and set aside by Judge Andrews on January 16, 1953, and by the same order, he overruled and denied the plaintiff's petition for a contempt judgment. It is recited in the bill of exceptions and certified to be true, that Judge Andrews, at the time of signing the second judg-

ment, orally stated to counsel for the parties that he had reached the conclusion that he was without authority as a matter of law to hold the respondents in contempt of his court for the act complained of. Mrs. Hammock excepted to the judgment of January 16, 1953, and sued out a writ of error. *Held:*

1. In cases where divorce is granted, the presiding judge has power under Code § 30-127 to hear and determine who shall have the care and custody of the minor children of the parties, as if they were before him on a writ of habeas corpus.

2. Since no injunction was granted in the instant case which prohibited the respondents from taking possession of the children after they were awarded to and placed in the custody of their mother, their act in doing so, without her consent and over her protest, was not one which could be punished by contempt proceedings. *Brown* v. *Smith,* 150 *Ga.* 111 (102 S. E. 813). An order or judgment which merely declares the rights of the parties without any express command or prohibition is not one which may be the basis of contempt proceedings. 12 Am. Jur. 406, § 24. *Cagle* v. *Patterson,* 80 *Ga. App.* 865 (57 S. E. 2d, 509).

3. The judgment complained of is not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur, except Atkinson, P. J., not participating.*

No. 18180. SUBMITTED APRIL 14, 1953—DECIDED MAY 12, 1953.

*Brackett & Brackett* and *R. B. Pullen,* for plaintiff in error.
*Clark Ray* and *Fraser & Shelfer,* contra.