### 18351.  MOORE *et al. v.* BERRY.

HAWKINS, Justice.  1. The assignment of error in the bill of exceptions that the court erred in failing to sustain a general demurrer, based upon the ground that the petition failed to state a cause of action, is without merit, since it does not appear from the record that any such demurrer was interposed to the petition in the trial court.

2. The plaintiffs in error designate the proceeding in the trial court as a habeas corpus proceeding, seeking to recover custody of a minor child. Exception to the final judgment on the ground that no process was affixed to the original petition is without merit, since the rule nisi issued by the court served upon the defendants is substantially in the form of the writ of habeas corpus prescribed by Code § 50-106.

3. So much of the judgment of Long Superior Court, of the. Atlantic Judicial Circuit, as adjudged the respondents in contempt of court because of an alleged disobedience of a judgment of Chatham Superior Court, of the Eastern Judicial Circuit, is erroneous. While "Every court has power to compel obedience to *its* judgments, orders, and processes (*Gaston* v. *Shunk Plow Co.*, 161 *Ga.* 287, 298, 130 S. E. 580); . . . only the court offended . . . has power to punish for the contempt, or to entertain proceedings to that end." *Goodrum* v. *Goodrum,* 202 *Ga.* 135 (42 S. E. 2d 450).  See also, in this connection, *Hammock* v. *Hammock,* 209 *Ga.* 751 (76 S. E. 2d 15).

4. The judgment awarding the custody of the child to the applicant was not erroneous for any reason assigned.

*Judgment affirmed in part and reversed in part.  All the Justices concur.*
        SUBMITTED SEPTEMBER 15, 1953—DECIDED OCTOBER 14, 1953.

*Ronald F. Adams,* for plaintiff in error.