19530. Slade *v.* Slade.

Hawkins, Justice. In this case the father of two minor children brought habeas corpus proceedings to obtain the custody of the children from the mother, who had been awarded custody in a divorce action between the parents in Duval County, Florida, in which action the father was directed to pay to the mother on the first of each month $56 for the support of the minor children. The father alleged that the mother had become unfit to have the care of the children since the date of the divorce decree in November, 1955. On the trial of the issue considerable evidence was introduced to show that the mother had not lived an exemplary life since the custody of the children had been awarded to her. There was also evidence that during the eight months immediately preceding the

habeas corpus hearing on August 22, 1956, the father, although earning $500 per month, had not made any alimony payments, and only contributed toward the support of the children some articles of clothing on one occasion, in April, 1956, on the boy's birthday, yet the children had not suffered for want of food, shelter, and clothing, which had been provided by the mother. The trial judge discharged the writ of habeas corpus and remanded the custody of the children to the mother. *Held:*

1. "It has been uniformly held by this court that, even though the legal right to the custody of a child has been adjudicated by a court of competent jurisdiction, either of this State or of a foreign State, the court may nevertheless thereafter, in a habeas corpus proceeding such as this, exercise a sound legal discretion as to the custody of the child if it be shown that new and material conditions substantially affecting the interest and welfare of the child have arisen since the rendition of such former judgment or decree. . . In the trial of such a case between the parents of the child, the question as to whom the child shall be awarded to is entrusted to the sound legal discretion of the trial judge, . . . and it must be a flagrant abuse of that discretion which will authorize a reviewing court to interfere." *Porter* v. *Chester,* 208 *Ga.* 309 (4) (66 S. E. 2d 729).

2. Under the evidence in this case, though conflicting, it cannot be said as a matter of law that the trial judge, who saw and heard the parties and the witnesses, and who necessarily had superior opportunity for determining correctly the issue involved, which is the welfare and best interest of the children, abused his discretion in making the award complained of, and his judgment will not be controlled by this court. Code § 74-107; *Atkinson* v. *Atkinson,* 160 *Ga.* 480 (128 S. E. 765); *Good* v. *Good,* 205 *Ga.* 112 (1) (52 S. E. 2d 610); *Adams* v. *Adams,* 206 *Ga.* 881 (59 S. E. 2d 366); *Klebold* v. *Klebold,* 210 *Ga.* 23 (77 S. E. 2d 440).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 15, 1956—DECIDED DECEMBER 5, 1956.

*Ernest H. Stanford,* for plaintiff in error.
*Eli Kaplan,* contra.

