### 20025. MOTE *v.* MOTE.

MOBLEY, Justice. An order or judgment that merely declares the rights of the parties, without any express command or prohibition, is not one which may be the basis of contempt proceedings. *Brown* v. *Smith,* 150 *Ga.* 111 (102 S. E. 813); *Hammock* v. *Hammock,* 209 *Ga.* 751 (76 S. E. 2d 15); 12 Am. Jur. 406, § 24. Accordingly, where a petition filed by the defendant in error, seeking an attachment for contempt against the plaintiff in error (the father), alleges: that the parties were divorced in February, 1956; that a decree of custody as to their minor child was entered, which provided in part as follows: "The permanent custody of Carolyn Elizabeth Mote is awarded to the plaintiff, Mary Love Mote. The defendant, Claude C. Mote, shall have the right of visitation two (2) weekends each month. The defendant is to give reasonable notice of such visits. The defendant is further to have said child visit him four (4) weeks each year during the summer vacation period"; that on December 27, 1957, the plaintiff permitted the child to visit its father; and that the defendant father failed and refused to permit the child to return to her—such petition failed to set forth a cause of

action for contempt of court, and the trial judge erred in overruling the motion to dismiss and the general demurrer, both of which were based on the ground that the petition failed to allege that the defendant had violated any order or command of the court, and in holding the plaintiff in error to be in contempt of court. Counsel for the defendant in error requests this court to distinguish the *Brown* case, supra, from the instant case and to overrule *Hammock* v. *Hammock,* supra. Neither of these cases was concurred in by all the Justices. This being true, this court is not bound to follow those decisions (*Walton* v. *Benton,* 191 *Ga.* 548, 13 S. E. 2d 185; *Gormley* v. *Walton,* 180 *Ga.* 660, 180 S. E. 220); and there would be no necessity to overrule them if we disapproved the rulings there made. However, we are of the opinion that the rulings made in each of those cases are sound and should be followed by this court. We do not agree with the contention of counsel for the defendant in error "that if a judge of a superior court only has the power to punish by contempt those individuals who violate injunctions, or orders having the effect of injunctions, then there is an open invitation to all parties adversely affected by rulings of the superior courts to violate those rulings as they may see fit, take the law into their own hands, disregard the solemn judgments and decrees of the superior courts, flout the authority and dignity of the law, and openly defy those who seek to enforce it." A judge of the superior court has ample authority so to frame his judgment, in a custody case like the instant one, as to expressly order or command each of the parties to give full recognition to the other's rights under his judgment. After decreeing the rights of the parties to the custody of the child, he can direct each party as to the time and manner of surrendering the child into the other's custody and upon a failure of either party to carry out such orders or commands the trial court may punish the offending party for contempt. See White *v.* Held (Mo. App.) 269 S. W. 2d 125.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1958—DECIDED MAY 7, 1958.

*Frank Grizzard, Marvin D. Pierce, Jr., Norman H. Fudge,* for plaintiff in error.

*Mims Wilkinson, Jr., C. O. Baker,* contra.