21466.   GORE v. GORE (now Pavy).

Candler, Justice. Mrs. Gore, now Mrs. Pavy, instituted contempt proceedings in the Superior Court of Dougherty County against Cecil Jerome Gore, her former husband. Her petition alleges: She and the respondent were divorced in Dough-

erty County on July 2, 1960, and custody of their minor daughter was awarded to her, subject to certain visitation rights conferred on the father. His visitation rights were subsequently enlarged by an unexcepted to order, which provides that it shall be the "duty and responsibility" of the father to pick up such child at the residence of the mother and return it to her at the end of his visitation period. On a visit of the child with the father under the terms of such order, he has failed and refused to return her to the petitioner, though the period for such visit with him has expired. Through his counsel, he has notified the petitioner that he does not intend to return the child to her. The respondent filed a plea to the jurisdiction of the Superior Court of Dougherty County and alleged that only the Superior Court of Mitchell County had jurisdiction to hear and determine the proceeding, since he was a resident of the latter county when the petition was filed. He also demurred to the petition on the ground that it alleged no cause of action for the relief sought, and specially on the grounds that (1) the petition was not properly verified, (2) the order fixing custody of the child involved was not set forth in the petition nor a copy of it attached thereto, and (3) it named no party defendant to the proceeding. The parties stipulated that the respondent was in fact a resident of Mitchell County when this proceeding was instituted against him in the Superior Court of Dougherty County. The court found against the plea to the jurisdiction, overruled all of the demurrers, and found and adjudged the respondent to be in contempt. He excepted to those judgments. *Held:*

1. Under the unanimous ruling of this court in *Moore v. Berry,* 210 Ga. 136 (78 SE2d 6), there is no merit in the contention that the Superior Court of Dougherty County was without jurisdiction to hear and determine the question raised by this proceeding. The theory upon which the right of a court to punish for contempt is, that "Every court has power to compel obedience to its judgments, orders, and processes." *Gaston v. Shunk Plow Co.,* 161 Ga. 287, 298 (130 SE 580). From this, it necessarily follows that "Only the court offended . . . has power to punish for the contempt, or to entertain proceedings to that end." *Goodrum v. Goodrum,*

480

202 Ga. 135 (4) (42 SE2d 450); *In re Fite*, 11 Ga. App. 665 (3) (76 SE 397).

2. There is no merit in the contention that the trial judge erred in overruling the special demurrers which the respondent interposed to the petition. There is no requirement of law that a contempt petition be verified. *Code* § 37-1208; *Roe v. Watson*, 151 Ga. 365 (1) (106 SE 907); 6 R. C. L. 531. The substance of the custody order which the respondent is charged with violating is alleged in the petition and a copy of it is attached thereto. The petition sufficiently names Cecil Jerome Gore, father of the child involved, as the defendant or the person required to respond thereto.

3. "An order or judgment which merely declares the rights of the parties without an express command or prohibition is not one which may be the basis for a contempt proceeding for the failure to comply therewith." *Wilson v. Chumney*, 214 Ga. 120 (1) (103 SE2d 552). For like rulings, see *Brown v. Smith*, 150 Ga. 111 (2) (102 SE 813); *Hammock v. Hammock*, 209 Ga. 751 (2) (76 SE2d 15); and *Mote v. Mote*, 214 Ga. 134 (103 SE2d 565). But in the instant case the order which confers specified visitation rights on the father expressly imposes a duty and responsibility on him to return the child involved to the possession or custody of its mother at the end of each visitation period conferred on him, and the duty and responsibility thus imposed on him by such order is the legal equivalent of an express provision requiring or commanding him to do so. This being true, the cases mentioned above, which are cited and relied on by the plaintiff in error, are on their facts clearly distinguishable from the case at bar and the rulings made in them are not as to the instant case controlling and binding authorities, as here contended. As against the general demurrer interposed thereto, the petition stated a cause of action for the relief sought, and the court did not err in overruling it. See *Mote v. Mote*, supra; *Crawford v. Manning*, 12 Ga. App. 54 (3) (76 SE 771).

4. Error is assigned in the bill of exceptions on the order adjudging the respondent in contempt, on the ground and for the alleged reason that it is contrary to law since the custody judgment and especially that part of it which confers visitation rights on the respondent father contains no order or command for a violation of which he could be held in contempt.

For the reason stated in division 3 of this opinion, there is manifestly no merit in this contention.

*Judgment affirmed. All the Justices concur, except Duckworth, C. J., and Head, P. J., who dissent.*

ARGUED NOVEMBER 14, 1961—DECIDED NOVEMBER 21, 1961—
REHEARING DENIED DECEMBER 8, 1961.

*Frank C. Vann*, for plaintiff in error.

*Louis A. Peacock*, contra.

DUCKWORTH, Chief Justice, dissenting. I dissent from the judgment of affirmance for the reason that a casual reading of the judgment in the habeas corpus order, allegedly flouted and defied, shows clearly that the court merely declared the rights of the parties thereto by granting custody and control of the minor child of the parties for definite periods during the year to each of them. The portion of the judgment which is allegedly openly defied states that "It shall be the duty and responsibility of the said Cecil Jerome Gore to pick up said minor child . . . and return said child . . . for the heretofore set out periods of custody." There is no express command or prohibition in the order which could be used as a basis for contempt proceedings. *Brown v. Smith*, 150 Ga. 111 (102 SE 813); *Hammock v. Hammock*, 209 Ga. 751 (76 SE2d 15); *Mote v. Mote*, 214 Ga. 134 (103 SE2d 565). In fact, if the words "duty and responsibility" are given the interpretation and construction which the majority here do, the father would be in contempt if he failed to pick up the child for the specified period of custody. I do not think even the majority would insist such failure would be contempt on the part of the father. But they seek to ignore this portion of the sentence and construe it to be that, *if the father takes custody* he is commanded to give full recognition to the other party's rights. So to construe this judgment requires additional wording to an order which is otherwise unambiguous and needs no construction. Our basic freedoms are clearly set forth in the bill of rights of both our State and Federal Constitutions, and to give sanction to the judge's order committing the respondent to the common jail for violation of this order by

affirming the judgment amounts to a total disregard of the rights of the citizen as set forth therein. See Constitution of the United States, Bill of Rights; and *Code Ann. Ch.* 2-1, Constitution of 1945. The powers of our courts to punish for contempt are limited by legislative acts (*Code Ann.* § 2-120, Const. of 1945; and *Code* § 24-105), and so to construe the power thus given is an open invitation to the legislative branch to limit further this authority.

While there are voluminous authorities affirming punishment for contempt for non-payment of alimony, I do not think the mere order to pay alimony is in itself a command to do so, and would not so hold the violation of such an order to be contemptuous, but I bow to the weight of these authorities although it amounts to imprisonment for debt. But I will not sanction an extension of this rule by the legal gymnastics of stretching it to cover a mere failure to transfer the custody and control of a child by the parents, no longer within the jurisdiction of the court and no longer immediately before the court, as being contemptuous. The court has no such authority.

HEAD, Presiding Justice, dissenting. An award of custody of a minor child or children in a habeas corpus or divorce proceeding is a final judgment on the facts then existing, and any further proceeding relating to the award of custody must be brought in the county of the residence of the defendant against whom relief is sought. Constitution, Art. VI, Sec. XIV, Par. VI (*Code Ann.* § 2-4906); *Jordan v. Jordan*, 195 Ga. 771 (25 SE2d 500); *Handley v. Handley*, 204 Ga. 57 (48 SE2d 827); *Goodloe v. Goodloe*, 211 Ga. 894 (89 SE2d 654); *Anthony v. Anthony*, 212 Ga. 356 (92 SE2d 857); *Brown v. Goodloe*, 215 Ga. 755 (113 SE2d 393).

The present proceeding, being a contempt proceeding, seeks to evade the remedy of habeas corpus as provided by law, and substitute therefor a remedy authorized neither by statute nor by any decision of this court. The statement relied upon in the majority opinion, from *Moore v. Berry*, 210 Ga. 136 (78 SE2d 6), to the effect that only the court offended has power to punish for contempt, or entertain proceedings to that end, is not authority for a ruling that contempt proceedings can be substituted for the writ of habeas corpus under *Code* § 50-121.

The majority opinion cites no decision wherein it has been held by this court that a contempt proceeding is the proper remedy under facts similar to those in the present case. A proceeding for contempt can be based only upon a judgment which has "directed", "ordered", or "commanded" the person against whom the contempt proceeding is brought to do, or not to do, a specific act. In the present case no such language appears. In the judgment fixing the custody of the child in question the court provided: "It shall be the duty and responsibility of the said Cecil Jerome Gore to pick up said minor child at the residence of said Jean Aldred Gore and return said child to said Mrs. Gore for the heretofore set out periods of custody." There is no other language in the order of the court that could be construed as "directing", "ordering", or "commanding" either of the parties to do or perform any act.

In fixing the rights of the parties in a prior habeas corpus proceeding between the parties, the court failed to give any order or direction to either, and in the absence of a "command", there could not possibly be any basis either in fact or in law to support the proceeding in the present case. I therefore dissent from the judgment of affirmance.