39999.   DUNN v. MULLING, Judge.

Decided May 16, 1963—Rehearing denied June 14, 1963.

10

*William A. Searcey, Donald E. Austin,* for plaintiff·in error.

*Andrew J. Ryan, Jr.,* Solicitor General, *Gilbert E. Johnson,* contra.

JORDAN, Judge. 1. The defendants in error have filed a motion to dismiss the writ of error upon the ground that the State of Georgia, a necessary party in this case, was not served with a copy of the petition and writ of certiorari within five days after

the filing of said petition and writ in the office of the Clerk of the Superior Court of Chatham County. An examination of the record in this case discloses that the same contention was made by the State in a motion to dismiss the certiorari filed in the superior court, and said motion was denied. This issue having been decided adversely to the defendants in error in the court below and it appearing that the State was named as one of the defendants in error in the bill of exceptions to this court and served as such, the motion to dismiss is denied. See *Bryan v. State*, 3 Ga. App. 26 (2b) (59 SE 185).

2. The law of this State is clear that an order or judgment of court which merely declares rights of parties without any express command or prohibition upon said parties is not one which may be the basis of contempt proceedings, and the failure to honor such a decree does not constitute contempt of court. *Hammock v. Hammock*, 209 Ga. 751 (76 SE2d 15); *Cagle v. Patterson*, 80 Ga. App. 865 (57 SE2d 509). This being the law, it necessarily follows that a mere informal and voluntary agreement which is entered into with the court by one who is not a party to a cause pending before the court and in which there is no express command or prohibition of court directed to such volunteer, may not constitute the basis for contempt proceedings predicated upon the failure of the volunteer to honor the same.

The act of Dunn in stopping payment on one of the checks posted by him as part of his voluntary undertaking with the court in no way impeded or obstructed the administration of justice since the court could at any time revoke the probated sentence imposed on Clements upon a showing that its terms had been violated. Under the terms of the sentence, all of the conditions to be complied with were imposed solely upon Clements and were not in any way dependent upon the acts of Dunn who was under no command or prohibition of court.

Accordingly, since the citation for contempt in this case was predicated solely upon Dunn's refusal to honor the agreement voluntarily made by him with the court (there being no contention that his original undertaking to procure the probation of the sentence imposed on Carl Clements was done with fraudulent intent to practice deceit or work an imposition upon the court),

we are constrained to hold that the adjudication of contempt was contrary to law, and the judgment of the Superior Court of Chatham County must be reversed.

*Judgment reversed. Nichols, P. J., and Frankum, J., concur.*