23396. STEVENSON v. STEVENSON et al.

SUBMITTED MARCH 15, 1966—DECIDED APRIL 7, 1966.

*Frank M. Gleason,* for appellant.
*Pittman & Kinney, John T. Avrett,* for appellees.

MOBLEY, Justice. Defendants in the main proceeding below, Mrs. Aline S. Stevenson and David R. Stevenson, had obtained an order dated August 19, 1965, by the Judge of the Superior Court of Whitfield County temporarily enjoining the plaintiff, Paul A. Stevenson, from calling the defendants on the telephone at their home or other temporary place of abode. On October 26th, the judge held the plaintiff in contempt of court for refusing to comply with the order of August 19th and ordered that he be arrested and confined in jail for 20 days; but the judge suspended this jail sentence by a further order of November 5th "conditioned upon the said Paul A. Stevenson not further violating the order of this court." Later, on November 17th, Mrs. Stevenson filed a petition entitled "Application to Vacate Suspended Sentence" for the purpose of jailing the plaintiff for violating the restraining order in that he had called her on the telephone at the home of Dr. Evelyn Stephenson where she was, at the time, temporarily residing. After a hearing on this petition, the trial judge ruled that plaintiff had failed to comply with the restraining order of August 19th and had violated the terms and conditions of the suspended sentence of November 5th, and ordered his arrest and that he be confined in jail for 20 days.

Appellant, Paul Stevenson, assigns error on this order confining him to jail. He contends that the judgment is not supported by the evidence and is contrary to law, that the order of November 5th could not be the basis of a contempt proceeding since it contained no express command or prohibition; and, that the trial judge erred in not disqualifying himself from the trial of the case since he had "directed a personal investigation of an unofficial complaint" and had, thus, become interested in the case and be-

cause he acted really as an "invisible witness" in the case since he had prior knowledge of the matter from his own investigations.

■ While there is a conflict in the evidence on certain material matters, the trial judge did not abuse his discretion in finding that the appellant had called the appellee at her temporary residence, the home of Dr. Stephenson, thereby violating the restraining order of the court of August 19th and breaching the condition in the order of November 5th suspending the jail sentence. *Brown v. Brown*, 155 Ga. 722 (118 SE 196); *Yancey v. Mills*, 210 Ga. 684, 685 (82 SE2d 505); *Corriher v. McElroy*, 209 Ga. 855 (3) (76 SE2d 782). Upon this finding the judge was authorized to commit appellant to jail for 20 days.

There was testimony by Mrs. Stevenson that she received a call from appellant at the home of Dr. Evelyn Stephenson where she was temporarily residing on November 16th at 6:28 p.m., and that she knew the call was made by appellant, as she was able to recognize peculiar sounds which he made to insult her. She testified that there had been three calls between 6:00 and 6:30 p.m. and that there was no conversation, but that she heard the same peculiar sounds each time and that she did not hang up the receiver after the 6:28 p.m. call. It appears from the testimony of various witnesses, including appellee herself, that she left the receiver off the cradle of the phone in order that the number of the phone used in placing the call could be determined by means of a pre-arranged plan by which the telephone line at the Stephenson home was "reversed" so that the calling phone's number could be traced. Other witnesses testified that they had observed the office of the appellant and that he was in his office at the time the phone call had been made and that no one entered or left the office after 5:30 p.m., when his secretary left, on the day of the call.

Appellant testified that his present wife had been there in his office and had tried to call the appellee around 6:10 p.m. and that it was then that the telephone locked as a result of the line reversal and that he did not call appellee.

The testimony of the appellee, if believed, would support the ruling complained of, thus the ruling was not unsupported by the evidence.

■

■ The final order vacating the suspended sentence and sentencing appellant to jail was supported by an order prohibiting appellant from committing a certain act, namely, calling appellee on the telephone at her place of abode or temporary residence. This prohibition is expressly set forth in the order of August 19th. The order of November 5th suspending the first jail sentence is conditioned upon appellant "not further violating the order of this court," which order is obviously that of August 19th. The final order appealed from expressly rules that appellant has violated these previous orders; hence, there is no merit in the contention of appellant on this ground. *Mote v. Mote*, 214 Ga. 134 (103 SE2d 565); *Hammock v. Hammock*, 209 Ga. 751 (76 SE2d 15).

■ The circumstances in which a trial judge may be disqualified are set out in *Code Ann.* § 24-102 (Ga. L. 1935, p. 136; 1943, p. 322). These grounds are exhaustive, and bias or prejudice on the part of a judge is not legal ground for disqualification. *Jones v. State*, 219 Ga. 848, 849 (136 SE2d 358); *Blakeman v. Harwell*, 198 Ga. 165 (31 SE2d 50); *Riner v. Flanders*, 173 Ga. 43 (159 SE 693). But it is contended that since the trial judge had prior knowledge of the facts brought out in the testimony he had become an "invisible witness" and could not be both a witness and a judge under the ruling in *Shockley & Co. v. Morgan*, 103 Ga. 156, 158 (29 SE 607). Yet the judge was never made a witness in the instant case, nor does his prior knowledge of the facts make him a witness, as such. Such prior knowledge has relevance merely as to any bias or prejudice of the judge. It does not make the judge an "invisible witness" or a visible witness, and provides no legal ground for his disqualification.

■ The contentions that the order of November 5th suspending the jail sentence of October 26th was a final order which the judge was without authority to vacate, and that the award of $200 attorney's fees in the October order was invalid and rendered the entire order invalid are without merit. The order of November 5th was based upon a condition which was broken by appellee, giving rise to the order appealed from. Even if the award of attorney's fees is invalid this would not affect that por-

tion of the order committing appellee to jail for 20 days as permitted by *Code* § 24-2615 (5).

*Judgment affirmed. All the Justices concur.*