### 24274. OGLETREE v. WATSON.

Submitted September 12, 1967—Decided September 21, 1967.

*Wyatt & Wyatt, L. M. Wyatt,* for appellant.

*A. W. Birdsong, Jr.,* for appellee.

Almand, Presiding Justice. On October 23, 1964, Mrs. Sylvene Norred Ogletree Watson, appellee, and William F. Ogletree, appellant, were divorced, the custody of their minor child, Geneva Lynn Ogletree, being awarded to the mother with visitation rights in the father. Subsequently, both parties remarried, and on August 29, 1966, the Juvenile Court of Turner County awarded custody of the child to the father with reasonable visitation rights in the mother. On October 28, 1966, the father filed an application for writ of habeas corpus in Troup Superior Court which alleged that the mother was illegally restraining the parties' minor child. No answer was filed by the mother to this application and the following order was issued: "The within case having come on for a hearing and after evidence being heard it is hereby ordered that the custody of Geneva Lynn Ogletree be awarded to her father William F. Ogletree until such time as Sylvene Ogletree Watson shall become divorced from James Watson and at such time of said divorce custody shall revert

as set forth in the divorce decree of Wm. F. Ogletree vs. Sylvene Norred Ogletree dated Oct. 23, 1964, and recorded in office of the Clerk of Superior Court of Troup County, Georgia and as shown as Exhibit 'A' of the within petition."

In May, 1967, the appellee mother filed in Troup Superior Court the present action, an attachment for contempt, against the appellant father. Appellee's petition alleged she had obtained a divorce from her second husband, James Watson, and the appellant refused to turn the parties' minor child over to her pursuant to the order of October 28, 1966. Appellant filed an answer, motion to dismiss, plea to the jurisdiction and general demurrer to the petition. After a hearing of the evidence, the court overruled the appellant's plea to the jurisdiction and general demurrer and adjudged the appellant in contempt of court. The appellant assigns error on these orders.

■ Appellant contends the court lacked jurisdiction over him in that both parties are no longer residents of Troup County. This contention is without merit. Every court has power to compel obedience to its judgments, orders and processes. *Code* § 24-104 (3); *Gaston v. Shunk Plow Co.,* 161 Ga. 287, 298 (130 SE 580). The superior court rendering the final order placing the custody of the parties' minor child in the appellant retains jurisdiction to enforce its order by attachment for contempt, notwithstanding the fact that subsequent to the rendition of the order the appellant may have removed his residence to another county. *Connell v. Connell,* 222 Ga. 765 (1) (152 SE2d 567); *Taylor v. Taylor,* 216 Ga. 767, 768 (119 SE2d 571). See *Curtright v. Curtright,* 187 Ga. 122 (200 SE 711) and *Bilbo v. Bilbo,* 167 Ga. 602 (146 SE 446). Furthermore, only the court offended has the power to punish for the contempt or to entertain proceedings to that end. *Goodrum v. Goodrum,* 202 Ga. 135 (4) (42 SE2d 450). Thus, the court did have jurisdiction to consider this proceeding for an attachment for contempt to enforce an order which it rendered.

■ "An order or judgment that merely declares the rights of the parties, without any express command or prohibition, is not one which may be the basis of contempt proceedings." *Adams v. Adams,* 221 Ga. 710, 711 (146 SE2d 759). See *Mote v. Mote,*

214 Ga. 134 (103 SE2d 565); *Hammock v. Hammock,* 209 Ga. 751 (76 SE2d 15) and *Brown v. Smith,* 150 Ga. 111 (102 SE 813). The order of October 28, 1966, granting custody of the parties' minor child to the father with the custody to revert to the mother upon her divorce from her second husband, merely declared the rights of the mother and did not make any express command or prohibition in connection with these rights. In the absence of an express command or prohibition in this order, it can not be enforced by attachment for contempt.

*Judgment reversed. All the Justices concur.*