## 24912. SANBORN v. SANBORN.

DUCKWORTH, Chief Justice. This case involves an action for contempt for refusal to obey the commands of the lower court in a custody decree and for change of custody based on alleged changes of circumstances affecting the interest and welfare of a minor child brought in the same case during the same term in which the final decree was rendered. After a hearing the court changed the custody of the child and held the parent losing custody thereby in contempt for a failure to abide by the final decree which recited, "Both parties hereto shall obey all the terms and conditions of this judgment and decree," and the defendant shall have the right to choose the school his daughter attends and the right of visitation at definite periods of time. The mother was alleged to have taken the daughter out of the school she was attending and removed her from the confines of this State which prevented the exercise of the visitation privileges. No transcript of the evidence was made and none is available. *Held:*

1. A trial judge, in the exercise of a sound legal discretion, has the power during the same term of court to modify a judgment awarding custody of a child. *Barrett v. Manus,* 219 Ga. 693 (135 SE2d 430). Since no evidence of the hearing is available for examination, the judgment of the lower court must be affirmed as to the custody change. *Slade v. Slade,* 212 Ga. 758 (95 SE2d 680).

2. The decree recites that the defendant "shall have" certain visitation privileges, and "shall have the right to choose the school or college" the minor attends, and the parties "shall obey all the terms and conditions of this judgment." Without a transcript of the evidence disclosing the alleged contemptuous behavior other than the alleged refusal to obey the court's final order, alleged to be "premeditated and intentionally done," this portion of the final decree is likewise affirmed, since the order contains an express command to obey the decree. Without evidence to show otherwise it is assumed that it was deliberately violated. See *Code* § 24-105; *Mote v. Mote,* 214 Ga. 134 (103 SE2d 565); *Palmer v. Bunn,* 218 Ga. 244 (127 SE2d 372); *Stevenson v. Stevenson,* 222 Ga. 47 (148 SE2d 388).

*Judgment affirmed. All the Justices concur.*

SUBMITTED NOVEMBER 12, 1968—DECIDED NOVEMBER 21, 1968.

*Robinson, Thompson, Buice & Harben, Sam S. Harben, Jr.,* for appellant.

*Fortson, Bentley & Griffin, Herbert T. Hutto,* for appellee.