25786. BROWN v. OLEN et al.

ARGUED MAY 12, 1970—DECIDED JUNE 9, 1970—
REHEARING DENIED JUNE 25, 1970.

493

Harmon, Thackston & Smith, G. W. Thackston, Jr., for appellant.

Patricia W. Cocalis, Arthur K. Bolton, Attorney General, for appellees.

NICHOLS, Justice. ■ Under the decision of this court in McLanahan Crushed Stone, Inc. v. Rousey, 224 Ga. 433 (162 SE2d 316), and the cases there cited the defendant's "constitutional" attacks on the Act of 1966, supra, are insufficient to raise a question as to the constitutionality of such Act. Therefore, unless one of the other grounds raised by the plea to the jurisdiction is valid, the judgment of the trial court sustaining the defendant's plea "as to jurisdiction" must be reversed.

■ It is contended that the petition is insufficient to state a claim which would give the court jurisdiction over the defendant's person since the petition is fatally defective.

One contention is that the petition is equitable in nature and not verified. In support of his position the defendant cites injunction, ne exeat and similar cases where extraordinary equitable relief was sought. No extraordinary equitable relief was

sought in the present case. *Code* § 81-110 provides that when extraordinary equitable relief is sought the petition "shall be verified positively by the petitioner or supported by other satisfactory proofs." In *Roe v. Watson*, 151 Ga. 365 (1) (106 SE 907), it was held that a petition seeking to have a husband held in contempt of court for failure to pay alimony (*Code* § 37-1208), need not be verified and the Civil Practice Act (Ga. L. 1966, pp. 609, 622; *Code Ann.* § 81A-111) provides in part: "Except when otherwise specifically provided by rule or statute, pleadings need not be verified or accompanied by affidavit." Based upon the above, the petition in the present case was not defective so as to prevent the court from obtaining jurisdiction over the defendant's person merely because the petition was not verified.

■ Under the rationale of *Martin v. Approved Bancredit Corp.*, 224 Ga. 550 (163 SE2d 885), a petition brought against a nonresident where service and venue are dependent upon the Act of 1966, supra (*Code Ann.* § 24-113.1), the petition must allege facts to state a cause of action, otherwise the court is without jurisdiction of the person of the defendant.

(a) The petition alleged in part: "4. Merit Dollar Stores, Inc. was a hoax and a sham, and was the alter ego and business conduit of defendant for the transaction of his own affairs, and said corporation was established to protect fraud, perpetuate bad faith and promote injustice, in that at the time of the execution of the aforesaid agreement and promissory note, defendant had formed the present intent to liquidate all the assets of the aforesaid business acquired, to disregard the corporate entity of Merit Dollar Stores, Inc., and to appropriate to his own use the funds realized by liquidation of the aforesaid assets. 5. Plaintiff filed suit against Merit Dollar Stores, Inc. in the Civil and Criminal Court of DeKalb County on October 18, 1967, based upon the aforesaid agreement and promissory note, at which time defendant maintained assets of Merit Dollar Stores, Inc. at 3645 Market Street, Clarkston, Georgia, directly after which defendant caused to be removed from this state; plaintiff recovered judgment against Merit Dollar Stores, Inc. in said suit on February 20, 1968, in the amount of

$10,369.55 plus interest at the rate of 7 percent per annum from October 18, 1967, plus all court costs in said suit, but discovered not only that defendant had caused to be removed from this state all assets of Merit Dollar Stores, Inc., but learned of the defendant's method of operation as hereinbefore set out. 6. For the aforesaid reason, the corporate entity of Merit Dollar Stores, Inc. should be disregarded in equity, and defendant should be held personally liable for the aforesaid obligations, nominally those of Merit Dollar Stores, Inc., by reason of his sham and fraud and utilization of the corporate entity as his own personal conduit and alter ego."

These allegations show an intent on the part of the defendant to dispose of the assets of the corporation and appropriate to his own use the funds realized by such liquidation, and while it shows that the "assets" of the corporation have been removed from the State of Georgia there is no allegation that the assets have been liquidated or the funds derived therefrom appropriated to the defendant's own use.

Had the assets of the corporation been disposed of and the funds been appropriated to the use of the defendant then, under the decision of *Tatum v. Leigh,* 136 Ga. 791 (72 SE 236, AC 1912D 216), a cause of action would have been set forth. In the absence of such an allegation the petition must be construed as alleging "fraud without damage" which is insufficient. See *Brooke v. Cole,* 108 Ga. 251 (33 SE 849); *Gaultney v. Windham,* 99 Ga. App. 800, 807 (109 SE2d 914). Accordingly, since the petition failed to allege a cause of action for fraud it must be held that the trial court did not err in sustaining the defendant's motion based on a lack of jurisdiction over the person of the defendant and it is unnecessary to decide if under the facts alleged the defendant was subject to being served under the provisions of the Act of 1966, supra (*Code Ann.* § 24-113.1).

*Judgment affirmed. All the Justices concur.*