## 54305. YARBROUGH et al. v. FIRST NATIONAL BANK OF ATLANTA.

BANKE, Judge.

This is an appeal from an order finding the appellant in contempt of court. The appellee obtained a writ of possession directing the marshal to levy on two tractors in the appellant's possession. Unable to locate the property, the marshal entered a nulla bona. The appellee later filed a "Motion for Contempt" asking that the appellant be held in contempt for his "failure and refusal to surrender said property pursuant to the order of this court." Following a hearing, the court entered an order finding that the appellant had refused to disclose the location of the property to the marshal and that this refusal constituted an obstruction of the administration of justice. He was accordingly held in contempt.

The order must be reversed. The appellant was never ordered to disclose the location of the property. The writ of possession was directed not to him but to the marshal. Since it did not command the appellant to do anything, the writ of possession cannot be the basis of a contempt proceeding against him. See *Brown v. Smith,* 150 Ga. 111

(2) (102 SE 813) (1920); *Hammock v. Hammock,* 209 Ga. 751 (2) (76 SE2d 15) (1953); *Mote v. Mote,* 214 Ga. 134 (103 SE2d 565) (1958).

The appellee argues that the contempt order is authorized by Code Ann. § 24-105, which provides in part that the courts have the power to punish for contempt "the disobedience or resistance by any officer of said court . . . or other person or persons to any lawful writ, process, order, rule, decree, or command of said court. . ." "Resistance," however, requires some act of opposition. Black's Law Dictionary, 4th Ed. Rev. Had the appellant actively interfered with the actions of a court officer in repossessing the property, then the court would have been empowered under this statute to hold him in contempt. It was not authorized to do so, in the absence of a court order, merely because he refused to disclose the location of the property.

*Judgment reversed. Quillian, P. J., and Shulman, J., concur.*

SUBMITTED SEPTEMBER 14, 1977 — DECIDED OCTOBER 4, 1977.

*Hugh Nations,* for appellants.
*Wayne C. Crowe,* for appellee.