## THOMPSON *v.* THOMPSON.

ATKINSON, J. In 1929 a woman by next friend filed her petition seeking an attachment for contempt of court by failure to pay alimony in accordance with a decree rendered in 1909, awarding to the petitioner $15 a month during her life or widowhood. It was alleged that no alimony had been paid since 1925, and that the sum of $780 was due. In response to the rule nisi the defendant set up that the decree for alimony was based on a second verdict awarding the respondent a total divorce in 1909, and in so far as it related to alimony the verdict was ineffective because it was not authorized by the pleadings; that since rendition of the judgment the petitioner had become a non-resident and was committed to a sanitarium for the insane in another State; that she had recently inherited an estate of a stated value and was not under necessity for a separate support; that respondent was unable to pay alimony; and that he had paid all sums alleged to be due up to and including July 1, 1928. He prayed that the judgment be set aside, and that petitioner be enjoined from prosecuting the contempt proceeding. By amendment to the answer it was alleged that respondent in his petition for divorce had set forth a schedule of all of his property, and that all of the scheduled property had been consumed in the payment of sums made to the petitioner on account of the decree. The petitioner filed an answer to the motion to set aside the judgment, denying the material allegations of the motion, and setting up that the verdict and decree were rendered by consent and were prepared by the attorney for the respondent, and that the motion to set aside the judgment made no issue upon the validity of the judgment or upon the authority of respondent's attorney to consent to the rendition thereof. To this answer the respondent filed a general demurrer. The judge overruled the demurrer, and, after hearing evidence, rendered a judgment finding that the respondent was in arrears in the sum of $435, and that he was in contempt of court by refusal to pay the amount. Upon such finding it was ordered that the respondent be taken in custody and confined in the common jail of the county until he purged himself by paying the specified amount. The respondent filed a bill of exceptions assigning error on the judgment overruling his demurrer, and upon the order adjudging him in contempt, and upon a refusal of the judge to grant his application, made immediately after the judgment for contempt and before any money was paid, to be allowed to file a supersedeas bond and be released from custody. In the certificate to the bill of exceptions it was stated by the judge that before the presentation of the bill of exceptions the plaintiff in error had complied with the judgment excepted to, and had purged himself of contempt by paying to the petitioner the amount of alimony due, "which he did, as stated by his counsel to the sheriff at the time, under protest, that is, reserving the right, as he contended, to appeal, but payment was made and accepted by complainant without reservation and without any obligation to repay said fund, said fund being paid and accepted in full satisfaction of the order by complainant, and the plaintiff in error discharged from custody, and the judgment adjudging plaintiff in error in contempt fully satisfied."
*Held:*

1. In so far as relates to the judgment of contempt, the respondent having complied with that judgment by payment of the amount ordered to be paid, the case is moot, and no ruling will be made upon the assignment of error upon that judgment.

2. There was no error in overruling the demurrer to the answer of the petitioner to the motion of the respondent to set aside the decree for alimony.

*Judgment affirmed. All the Justices concur, except Beck, P. J., absent for providential cause.*

No. 7626. FEBRUARY 12, 1931.

*J. W. Weaver* and *A. L. Henson,* for plaintiff in error.
*Paul Donehoo,* contra.