### 42738. FIRESTONE v. WALKER.

Per Curiam. 1. This is an appeal from a judgment rendered on a verdict for the defendant in a damage suit. The plaintiff in her petition sought to recover for personal injuries allegedly sustained when the automobile in which she was riding as a guest passenger was struck from the rear by an automobile which had in turn been struck from the rear by an automobile driven by the defendant. While the appellant enumerated a number of grounds of error, the only ground argued in the brief relates to the charge of the court respecting the doctrine of emergency. The appellant contends that a charge on emergency was not authorized by the evidence because there was no evidence that the defendant was faced with a sudden emergency not of his own making and that the charge as given was erroneous because the trial court failed to further instruct the jury that before they would be authorized to apply the doctrine of emergency they must first find that the defendant was in fact faced with an emergency and that the emergency did not result from the defendant's own negligence. In their briefs submitted to this court counsel for both parties raise issues respecting the timeliness of appellant's objection to the charge and as to the sufficiency of the objection. The trial judge filed a certificate which was made a part of the record transmitted to this court which reads as follows: "This court notes that the record of the trial pro-

ceedings does not disclose two brief colloquies that took place at the trial between the presiding judge and counsel. The first of these occurred prior to the court's charge to the jury when counsel for each party was invited to comment on whether several principles of law, including the doctrine of sudden emergency, were applicable to the case or not. Counsel for the defendant commented and expressed his view that the sudden emergency doctrine was applicable and should be charged to the jury. Counsel for the plaintiff disagreed and expressed his view that the doctrine of sudden emergency was not applicable and should not be charged. Thereafter the court charged the jury, including the doctrine of sudden emergency in the charge, and the jury retired to the jury room to deliberate on their verdict. Subsequently the second colloquy between the presiding judge and counsel occurred when counsel were asked if there were anything further counsel desired the court to charge the jury or if there were any objections to the charge given to the jury. Counsel then made no request for any additional charge or made any objection to the charge as given to the jury by the court."

Appellant's counsel made an affidavit stating that there were timely and proper objections to the charge on "sudden emergency" which the court reporter failed to record and that such omissions were damaging and prejudicial to the plaintiff's cause. Under *Code Ann.* § 6-805 (Ga. L. 1965, pp. 18, 24), the parties having been unable to agree on a stipulation as to that which was omitted from the transcript, this court is restricted to consider only the facts stated in the trial judge's certificate.

The certificate nowhere states that the appellants made any proper objection to the charge. Based on the facts set forth in this certificate, the "objection" raised by the colloquy between the judge and counsel was tantamount to a mere expression of opinion by appellant's counsel and was therefore insufficient to meet the requirements of Sec. 17 (a) of the Appellate Practice Act of 1965. *Georgia Power Co. v. Maddox,* 113 Ga. App. 642 (149 SE2d 393).

The enumeration of error as made presents no question for review.

It is also noted in the certificate that subsequent to the charge, the judge expressly asked counsel if there were any objections to the charge as given, at which time no objection was made.

Quaere: By remaining silent under such conditions, did counsel waive any objection which they may have had to the charge as given? See *Goldstein v. Karr*, 110 Ga. App. 806, 807 (140 SE2d 40), and *Greenway v. Sloan*, 211 Ga. 775 (2) (88 SE2d 366).

2. The evidence did not demand a verdict for the plaintiff in some amount. There was no indication to others at the scene of the collision that she was injured, and at the time she made no complaint. There is also some evidence of the lack of any objective findings of injury thereafter, the manifestations being primarily subjective in nature. The defense also elicited denials from the plaintiff with respect to a previous personal injury action which are contradicted by the record of such action, thus affording a basis for the jury to reject her entire testimony. Under the record, the jury was authorized to determine that she was not injured by the occurrence, even though the negligence of the defendant may have proximately caused the collision.

*Judgment affirmed. Jordan, P. J., Deen, and Quillian, JJ., concur.*

ARGUED APRIL 5, 1967—DECIDED SEPTEMBER 15, 1967.

*Hatcher, Meyerson, Oxford & Irvin, Clifford Oxford, Clyde Dekle,* for appellant.

*Ross & Finch, Baxter H. Finch, Homer A. Houchins, Jr.,* for appellee.