26740.   TAYLOR v. TAYLOR.

ARGUED SEPTEMBER 15, 1971—DECIDED OCTOBER 7, 1971.

*Walter E. Taylor, Jr.,* for appellant.

*Perry, Walters, Langstaff, Lippitt & Campbell, H. H. Perry, Jr.,* for appellee.

MOBLEY, Presiding Justice. Walter E. Taylor, Jr., appealed from the decree entered in the divorce action brought against him by Mrs. Mary Gartrell Taylor.

The notice of appeal stated that no transcript of the evidence would be filed for inclusion in the record.

■ The first error enumerated is that the trial judge erred

in allowing the minor children to visit the appellant at such times and places as the children desired, but not giving the appellant any visitation rights. It is also asserted that the court erred in failing to permit the minor children of the parties, being older than 14 years, to select the parent they desired as custodian.

Neither of these assertions can be considered in the absence of a transcript of the evidence, or stipulation of the parties, made in conformity with *Code Ann.* § 6-805 (Ga. L. 1965, pp. 18, 24). The affidavit of the appellant attached to his enumeration of errors cannot be considered as evidence in the case. In the absence of a proper transcript or stipulation, we must assume that the trial judge made his award of custody and visitation privileges in accordance with the evidence in the case. *O'Gorman v. O'Gorman,* 227 Ga. 468 (181 SE2d 490).

■ The second error enumerated is that two quoted portions of the judgment are in conflict with the verdict rendered by the jury.

The first portion complained of is in the paragraph ordering the appellant to convey residential property to the appellee, and is as follows: "The described property is to be delivered to the plaintiff with the same utilities and accommodations, such as drainage system, sewerage, waterlines and other utilities as accommodated the home on the date of the verdict and if any changes are made in the items mentioned in this paragraph as a result of these accommodations not being located on the 'home place' then such changes are to be made at the defendant's expense and without interrupting these services, it being the intention of this order that the described property shall continue to have facilities through which these services are furnished and that if any of such present facilities incidental to the home such as service poles, wires, pipes and the like should become unavailable to the property, the defendant shall be liable for the expense and cost of providing other like facilities."

The trial judge has no authority to amend the verdict of

the jury in matters of substance by adding substantial directives to the losing party which are not included in the verdict. *Fried v. Fried,* 208 Ga. 861 (3) (69 SE2d 862). The jury's verdict contained no reference to the utilities and accommodations on the property. It was therefore error for the trial judge to include these directives.

■ It is asserted that the judgment is in conflict with the verdict in that paragraph 4 of the judgment provides for monthly support payments to continue through college, and paragraph 5 of the judgment includes as a part of the expenses of a college education the expense of "board," which requires the appellant to make double payment of "board" during the period of college education of the minor children.

In regard to support of the minor children the jury verdict provided: "No alimony is to be paid plaintiff but child support in the amount of $150 each for the two minor children is to be paid plaintiff on the first of each month, payments to extend through four years college education, which is also to be furnished by defendant. In case of military service or other unpreventable absence from school, child support would be payable only while attending school."

The judgment ordered the appellant to pay $150 a month for the support of each child, and to pay each child's college expenses, specifying "board, tuition, books, fees and other incidental charges of the college."

The monthly award of $150 for each child's support would necessarily include an amount for food and lodging, since these items are essential for the child's maintenance and support. "Board" has been defined to mean food, or food and lodging. Black's Law Dictionary (4th Ed.) 219; Webster's Int. Dictionary (3d Ed.) 243. It is not a reasonable construction of the jury's verdict that they intended that the appellant pay for food and lodging for the children at home and in college at the same time. It was error for the trial judge to include the item of "board" in the college expenses to be paid by the appellant, as this item would be

covered by the monthly payment that he must make for their support.

■ Since it was error to include in the judgment directives concerning the utilities and accommodations of property awarded by the jury to the appellee, and the item of "board" in listed college expenses, the trial judge is directed to strike this language from the judgment. The judgment is otherwise affirmed.

*Judgment affirmed in part; reversed in part with direction. All the Justices concur.*