## 28191. DRAKE v. DRAKE.

MOBLEY, Chief Justice. This is a case brought by the wife against her husband seeking a divorce, alimony, and custody of the two minor children. The verdict and judgment granted divorce, awarded alimony to the wife for herself and two children, and custody of the children to the wife, with visitation rights in the father.

The wife filed a motion for a new trial on the general grounds. An amendment to the motion asserted that the award of alimony

and child support was inadequate, unfair, and wrongful, and was substantially disproportionate to the necessities of the wife and children and the husband's ability to pay it. This amendment alleged that: "A resume of testimony of witnesses is attached in support of this motion, as amended." A brief resume of testimony of ten witnesses is attached thereto. After the certification of service of the motion there is an order by the trial judge: "Read, considered, allowed and ordered filed subject to objection. . ."

The trial judge denied the motion for new trial and the appeal is from that judgment, and from the judgment on the verdict.

A determination of whether the award of alimony and child support was inadequate, unfair, and disproportionate to the needs of the wife and children as contended by the wife, and whether the husband is able to pay more than that awarded, requires a review of the evidence in the case.

"In all civil cases. . .the trial judge thereof may require the parties to have the proceedings and evidence reported, the costs thereof to be borne equally between them, and where an appeal is taken which draws in question the transcript of the evidence and proceedings, it shall be the duty of the appellant to have the transcript prepared at his expense. Where it is determined that the parties, or either of them, are financially unable to pay the costs of reporting or transcribing, the judge may in his discretion authorize trial of the case unreported, and when it becomes necessary for a transcript of the evidence and proceedings to be prepared, it shall be the duty of the moving party to prepare the transcript from recollection or otherwise. . .Where a trial is not reported as hereinbefore referred to, or where for any other reason the transcript of the proceedings is not obtainable, and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter as above referred to; in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review. . ." Code Ann. § 6-805 (c,g) (Ga. L. 1965, pp. 18, 24).

There is no transcript of the evidence prepared by the court reporter, or transcript prepared from recollection, agreed to by the parties. The resume of testimony of witnesses filed with the amendment to the motion for new trial did not purport to be

transcript for review by this court, and the failure of the appellee to file objections to that resume would not authorize its use as an agreed statement of the evidence on appeal.

Without a transcript of the evidence we must assume that the evidence authorized the judgments. *O'Gorman v. O'Gorman,* 227 Ga. 468 (181 SE2d 490); *Taylor v. Taylor,* 228 Ga. 173 (1) (184 SE2d 471).

*Judgments affirmed. All the Justices concur.*

ARGUED SEPTEMBER 13, 1973 — DECIDED OCTOBER 4, 1973.

*J. E. Wilson,* for appellant.

*Richardson, Chenggis & Constantinides, George G. Chenggis,* for appellee.