### 29633. GRIGGS v. GRIGGS.

JORDAN, Justice.

The appellant father brought a petition in the Juvenile Court of Cobb County against the appellee mother, alleging that: the four minor children of the parties are "deprived" as defined by Ga. L. 1971, pp. 709, 713 (Code Ann. § 24A-401 (h1)); the children are currently living with him; the home of the mother is an unfit place for the children for numerous alleged reasons; the father has remarried and can provide a proper home for the children; and conditions have so materially changed since the award of the children to the mother that to allow them

---

to be returned to her will cause them irreparable harm. It was prayed that custody of the children be removed from the mother and given to the father, and that child support payments to the mother be terminated.

The mother, a resident of Tennessee, made a special appearance to contest the jurisdiction of the court. The juvenile court judge found that he did not have jurisdiction in the matter and dismissed the petition. The appeal is from this judgment.

The appellant's petition in the juvenile court was in the nature of habeas corpus, and such an action must originate in the superior court or court of ordinary. Code § 50-103. A juvenile court does not have original jurisdiction in a custody and support contest between parents, in the nature of habeas corpus, and can consider such a case only when transferred to it by proper order of the superior court. *In re J. R. T.,* 233 Ga. 204 (210 SE2d 684).

The allegation in the petition that the children are "deprived" as defined by the Juvenile Court Act cannot change the essential nature of the action from a custody contest between parents.

The juvenile court judge did not err in holding that he had no jurisdiction of the case and dismissing the petition.

*Judgment affirmed. All the Justices concur.*

ARGUED FEBRUARY 10, 1975 — DECIDED FEBRUARY 18, 1975.

*Richard R. Kirby,* for appellant.
*Rich, Bass, Kidd & Witcher, R. Hopkins Kidd,* for appellee.