## 29728. GRIGGS v. GRIGGS.

HILL, Justice.

Appellant James D. Griggs and Shirley June Griggs were granted a divorce on May 30, 1973, in the Superior Court of Fulton County. Their agreement as to property rights, child custody and other matters, which was made a part of the final decree, awarded custody of the four minor children to the mother and obligated the father to pay $80 a week as child support.

Upon the father's failure to return the children to the mother from a weekend visit, the mother filed an action for contempt in Fulton Superior Court, alleging that the father had failed and refused to return the four minor children to her and had failed to make payments under the decree in the amount of $2,167.

The father filed an answer and motion to dismiss the contempt action claiming waiver of child support payments and denying that he was in arrears in the sum of $2,167, alleging that there was a suit between the same parties in regard to custody of the children then pending in the Juvenile Court of Cobb County, and contending that the children were living in Cobb County and were not subject to the jurisdiction of the Fulton Superior Court. (For the decision of the suit filed in the Juvenile Court of Cobb County, see *Griggs v. Griggs,* 233 Ga. 752 (213 SE2d 649)).

The contempt hearing was held on November 14, 1974. No transcript of the proceedings was requested by either party and consequently the hearing was not reported. The court found the father to be in contempt for

being in arrears in the amount of $1,705 in child support payments and for his refusal to return the children to the mother. It ordered him to be held in jail until he purged himself by returning the children and by paying $300 instanter and $300 a month thereafter until the balance of the arrearage was paid. It also awarded $250 as attorney fees to the mother's attorney to be paid within 60 days. The father paid $300, delivered the children to the mother and was released from custody the same day.

The father filed his notice of appeal. Both parties drew up summaries of the proceedings and evidence adduced at the November 14 contempt hearing, but they were unable to agree on a transcript prepared from recollection. The father also submitted an affidavit as to what had transpired. On January 2, 1975, the trial judge who had presided at the contempt hearing heard motions from the parties and issued an order stating his recollection of the evidence presented at the contempt hearing.

The father appeals from the order holding him in contempt of court and denying his motion to dismiss the mother's complaint because the action was one in the nature of habeas corpus which would require it to be brought in the Juvenile Court of Cobb County. He enumerates thirteen errors, a majority of which relate, directly or indirectly, to the January 2 order and to the absence of a court reporter's verbatim transcript of the November 14 contempt hearing.

1. The father contends that the evidence did not support the finding that he was in arrears in child support payments. This contention cannot be sustained.

"Where a trial is not reported . . . and a transcript of evidence and proceedings is prepared from recollection, the agreement of the parties thereto or their counsel, entered thereon, shall entitle such transcript to be filed as a part of the record in the same manner and with the same binding effect as a transcript filed by the court reporter . . . *in case of the inability of the parties to agree as to the correctness of such transcript, the decision of the trial judge thereon shall be final and not subject to review,* and if the trial judge is unable to recall what transpired he shall enter an order stating that fact." Code Ann. § 6-805 (g)

(Ga. L. 1965, pp. 18, 24). (Emphasis supplied.)

The trial judge stated in his January 2 order "That both parties agreed that [the father] was in arrears in the amount of $1705 in child support payments since the final decree was ordered."

Since there is no verbatim transcript of evidence and the parties could not agree upon a transcript prepared from recollection, the judge's determination under Code Ann. § 6-805 (g), supra, is final and not subject to review. Thus, the evidence supports the finding that the father was in arrears in child support payments in the sum of $1,705.

The trial court also stated in the order of January 2 "that both parties agreed that [the father] had physical custody of the 4 minor children of the marriage." The divorce decree gave custody of the children to the mother. For the reasons stated above, the enumeration contending that the trial court erred in finding the husband in contempt for failing to return the children is without merit.

2. The father, a construction worker, argues that the amount ordered to be paid in child support was greatly in excess of the gross amount he could earn even if there were sufficient work in his trade, and that the order confining him in jail until he purged himself by payment of the alleged arrearage thus amounted to imprisonment for debt.

This enumeration of error, at least the latter part thereof, became moot when the father complied with the order and obtained his release from custody. *Thompson v. Thompson,* 172 Ga. 165 (1) (157 SE 628).

The father also complains that the trial court erred in refusing to allow him, his present wife and his four children to testify in his behalf, and in allowing the mother's attorney to question him in regard to confidential attorney client matters over objection of his counsel.

The trial court's transcript summary does not show any basis for these enumerations.

Without a more complete, approved transcript of evidence we are unable to consider these enumerations of error and we will not presume that error was committed.

*O'Gorman v. O'Gorman,* 227 Ga. 468 (181 SE2d 490); *Taylor v. Taylor,* 228 Ga. 173 (1) (184 SE2d 471).

3. Another enumeration recites that the trial court erred in refusing to certify the father's summary of testimony and proceedings "or to make any record of its own as to what transpired, knowing that an appeal was being filed, since the defendant relying upon the integrity of the court, has a right to have the court protect his right of appeal by preserving the record of what transpired, instead of waiting two months and then saying it doesn't recall what happened as far as testimony."

This assertion is without merit. In the absence of agreement by the parties, the trial court is under no obligation to certify either party's summary of testimony unless it be in accord with his own recollection of the evidence and the court did indeed specifically set forth its recollections of the trial proceedings in its order of January 2. The fact that the trial court's transcript of evidence was not as complete as the father would like it to be is due to the failure of the parties to have the hearing reported and their subsequent failure to agree upon a transcript prepared from recollection.

4. The father complains that the summaries of evidence presented by the father and mother should have been compared by the trial court and the agreed upon testimony should have been certified.

When the trial judge acts under Code Ann. § 6-805 (g) to recreate a transcript, he may do so by comparing the submissions of the parties, or by approving (with changes in accord with the court's recollection) the submission of one party or the other, or he may recreate a transcript by his own composition as was done here. Although an appellant would prefer utilization of the approval or comparison method, the trial court's recreating of its own transcript is "not subject to review," so long as the court's transcript satisfies the requirements of Code Ann. § 6-805 (g) of being a transcript of the evidence (as opposed to conclusions of fact).

5. The trial court did not err in refusing to order the affidavit of the father summarizing the evidence to be filed as the highest and best evidence in the absence of a reporter's transcript. The affidavit contained

substantially the same summary of the evidence to which the mother refused to agree and which the trial court declined to approve. The affidavit therefore could not be certified in lieu of a transcript of record under Code Ann. § 6-805 (g). The trial court was not required to certify the father's affidavit as a transcript of evidence for review by this court. *Taylor v. Taylor,* 228 Ga. 173 (1), supra.

The filing of the summary of testimony prepared on behalf of the mother is not reversible error. Such unapproved summary, even if filed, will not be considered by this court as being *the* transcript. *Drake v. Drake,* 231 Ga. 193 (200 SE2d 719); *Taylor v. Taylor,* 228 Ga. 173 (1), supra.

6. This court has no authority to consider the father's contention that the January 2 order should be set aside because the court's recollections are in conflict with the "truth" and the November 14 order. As noted in Division 1, Code Ann. § 6-805 (g) provides that orders resolving disputes over recreated transcripts are final and not subject to review. Moreover, we find no conflict between the November 14 and January 2 orders.

7. The father's motion to have the trial court submit additional record and transcript to this court is denied. It appears from this motion that the transcript requested is of a hearing held on February 6, 1975, to consider a motion of the father to set aside the order of Janaury 2, 1975, in which the trial judge certified the evidence as he recalled it. Although this court normally would grant a motion to supplement the record, see *Interstate Financial Corp. v. Appel,* 233 Ga. 649 (212 SE2d 821), we previously have noted herein that under Code Ann. § 6-805 (g) the order of January 2 is "final and not subject to review." Therefore, no useful purpose would be served by the transmission to this court of the transcript of hearing of the motion to set aside that final and unreviewable order.

8. The argument that the Fulton Superior Court usurped the authority of the Juvenile Court of Cobb County, which the father contends had jurisdiction because of the "deprived conditions" under which the children allegedly were living with the mother, was decided adversely to the father when he raised this issue in Cobb Juvenile Court. *Griggs v. Griggs,* 233 Ga. 752

(213 SE2d 649).

9. The father urges that the trial court erred in finding him in contempt for failing to return the children to the mother, and in refusing to dismiss her habeas corpus action, because the children were not living in Fulton County and were not subject to the jurisdiction of that court.

This was not a habeas corpus action. The mother's action was one in contempt seeking to enforce the prior divorce decree and judgment of the Fulton Superior Court awarding her custody of the children and support, and was brought in that court. Clearly this was proper even though she was then a resident of Tennessee and the father, who at that time had physical custody of the children, resided in Cobb County. "While 'Every court has power to compel obedience to *its* judgments, orders, and processes [Cit.] . . . only the court offended . . . has power to punish for the contempt, or to entertain proceedings to that end.' *Goodrum v. Goodrum,* 202 Ga. 135 (42 SE2d 450). See also, in this connection, *Hammock v. Hammock,* 209 Ga. 751 (76 SE2d 15)." *Moore v. Berry,* 210 Ga. 136 (3) (78 SE2d 6); *Gore v. Gore,* 217 Ga. 478 (1) (123 SE2d 254).

10. One enumeration asserts that it was error for the trial judge to award the mother attorney fees because under Georgia law "there is no provision for awarding attorney fees in a habeas corpus type action to obtain possession of children, and under Code of Georgia 30-219 attorney fees may be awarded only when the husband has failed or refused to pay the alimony for no justifiable reason."

This assertion is without merit. As previously stated, this action was not a habeas corpus. It was an action for contempt of court properly brought in the county where the judgment and decree of divorce and custody were entered. *Gore v. Gore,* supra. One aspect of the contempt action was failure to pay child support. In view of the fact that the mother's attorney was compelled to render further service to his client in enforcing that judgment for child support, the court did not err in allowing a reasonable amount as additional attorney fees. Code Ann. § 30-219.

The father's argument that there were justifiable

reasons for nonpayment of the child support so as to make Code Ann. § 30-219 inapplicable here is not supported by the trial court's transcript of the evidence.

The enumerations of error being without merit, the judgment of the trial court is affirmed.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1975 — DECIDED MAY 20, 1975.

*Aynes, Burger, Genins & Kirby, Richard R. Kirby,* for appellant.

*Rich, Bass, Kidd & Witcher, R. Hopkins Kidd,* for appellee.