## 37343. MARSHALL v. MARSHALL.

MARSHALL, Justice.

This citation for contempt is being brought by the appellant former wife against the appellee former husband. The petition alleges, among other things, that the appellee has refused to pay the cost for one of the parties' minor children to attend a special educational boarding school recommended by the child's physician. The appellant argues that the divorce decree requires the appellee to pay all of the costs for the child to attend this school, i.e., transportation, room and board, and other living expenses, as well as tuition. It is the appellee's position that, because of the fact that he is required to pay $300 per month for the support of this child, he is not required to pay the child's room and board while at boarding school. The superior court ruled in favor of the appellee, and we granted the appellant's application to appeal.

1. The parties were divorced in Fulton Superior Court in 1975. They have three minor children, two boys and one girl. The two boys, Stephen Edwin, Jr., and Clayton Scott, require special schooling. The divorce decree requires the former husband to pay $300 per month per child as child support. Another provision of the divorce decree requires the appellee to pay the cost for Stephen Edwin, Jr., to attend the Atlanta Speech School or such other school recommended by the child's physician, Dr. L. Allen McDonough, for so long as Dr. McDonough deems it medically necessary during the minority of said child. The appellee is also required by this provision of the divorce decree to pay the tuition for Clayton Scott's attendance as a day student at a private school for the academic year, September 1975-June 1976, such school to be selected by both the appellant and

appellee together or Dr. McDonough.

2. "Tuition" has been defined as "a charge made for instruction." *Norrell v. Norrell,* 236 Ga. 797 (2) (225 SE2d 305) (1976). Accordingly, a provision in a divorce decree requiring the husband to pay tuition for the children's college or other schooling has been held not to be unenforceable for vagueness. *Norrell v. Norrell,* supra. Likewise, provisions in divorce decrees requiring the husband to pay the expenses of children's higher education, or to pay the cost of any special schooling required for a minor child, or to provide a college education for the children, have been held not to be unenforceable for vagueness. *Robinson v. Robinson,* 242 Ga. 698 (251 SE2d 287) (1978); *Clavin v. Clavin,* 238 Ga. 421 (233 SE2d 151) (1977); *McClain v. McClain,* 235 Ga. 659 (3) (221 SE2d 561) (1975). A provision requiring payment of the expenses of a child's education would generally require the payment of such things as books, room and board, and other living expenses, as well as tuition. See *Robinson v. Robinson,* supra.

However, where a divorce decree requires a husband to pay monthly child support as well as the cost of the child's attending college or some other educational institution, it is necessary to interpret the decree in order to determine whether: the husband is separately liable for room and board as part of the costs of the child's attending the school, or whether the wife is obligated to pay for the child's room and board from her monthly child support payments. Cf., *Taylor v. Taylor,* 228 Ga. 173 (3) (184 SE2d 471) (1971) (holding that it would be unreasonable to construe a jury verdict so as to require the husband to pay both monthly child support and the child's room and board while at college) with *Jenkins v. Jenkins,* 233 Ga. 902 (3) (214 SE2d 368) (1975) (holding that the husband is required to pay both monthly child support and the child's board while at college, where the jury verdict specifically provided that the husband would pay the expenses for the child's college education in addition to the monthly child support).

3. In this case, we find that there exists a genuine ambiguity on the question of whether the appellee is required to pay Stephen Edwin, Jr.'s room and board while at boarding school, in addition to the $300 monthly child support payment. Under these circumstances, we cannot say that the trial judge erred in interpreting the divorce decree so as not to require both payments.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 30, 1981 —
REHEARING DENIED MAY 19, 1981.

*Nelson G. Turner,* for appellant.

*Meals & McLaughlin, Robert N. Meals, Stanley E. Kreimer, Jr.,* for appellee.