69920. ELLIOTT v. FLEWELLYN.
(330 SE2d 185)

SOGNIER, Judge.

After Thomas Flewellyn initiated foreclosure proceedings on

Robert Elliott's property, Elliott filed a complaint seeking a temporary restraining order, an interlocutory injunction, a declaratory judgment on the loan agreement, and damages and attorney fees for various torts alleged in relation to the foreclosure. The trial court granted Elliott's motion for a temporary restraining order. Flewellyn moved to dissolve the temporary restraining order and during the hearing on June 5, 1984 (the date of the foreclosure sale), an order was prepared in which the parties agreed that the trial court would dissolve the temporary restraining order, the loan would be reinstated as modified by the parties and Elliott's complaint would be dismissed. Elliott appeals from the June 5, 1984 order.

1. Appellant contends the trial court had no authority to dismiss his tort claim against appellee during the hearing on the motion to dissolve the temporary restraining order. No transcript of the hearing was made and upon the failure of the parties to agree upon a stipulation of the facts, the trial court entered an order establishing a transcript pursuant to OCGA § 5-6-41 (g). The trial court determined that the June 5 order was a consent order whereby appellant agreed to the dismissal of his complaint against appellee and appellee in return agreed to withdraw the foreclosure proceedings against appellee's property and reinstate the loan agreement between the parties with an extended grace period for receipt of the monthly payments. The determination of the trial court as to what took place during the hearing is final and not subject to review. See *Griggs v. Griggs*, 234 Ga. 451, 452 (1) (216 SE2d 311) (1975). Factual contentions by appellant as to what occurred during the June 5 hearing contrary to the trial court's reconstruction of the facts will not be considered by this court. See *Firestone v. Walker*, 116 Ga. App. 316 (1) (157 SE2d 509) (1967). Therefore the facts establish that appellant's complaint was dismissed by the consent order and appellant's enumeration is not supported by the record.

2. Appellant contends the trial court erred by failing to make findings of fact and conclusions of law pursuant to OCGA § 9-11-52 (a) in the June 5 order. That order, as determined by the trial court's reconstruction of the hearing, was a consent order voluntarily entered into by both parties which was presented to the trial judge in order to dispose of all matters pending before the court. The consent order did not constitute a disposition of a matter in a non-jury case requiring the weighing of evidence and the adjudication of issues on their merits, compare *Bob Bennett Enterprises v. Trust Co. Bank*, 153 Ga. App. 344 (265 SE2d 311) (1980); *Marsh v. Way*, 170 Ga. App. 300 (316 SE2d 599) (1984), and is distinguishable from the order granting a motion to enforce a disputed settlement agreement in *Greene v. Colonial Stores, Inc.*, 141 Ga. App. 35 (232 SE2d 381) (1977). Therefore this case falls into the category of narrow statutory exceptions where

the preparation of written findings of fact and conclusions of law are not required and the trial court did not err by not preparing such findings.

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

DECIDED APRIL 3, 1985.

*William L. Sanders*, for appellant.
*Melburne D. McLendon*, for appellee.