## A90A1068. KEHAYES v. PETCH.
(397 SE2d 458)

Banke, Presiding Judge.

We granted the appellant's application to appeal an order finding him in contempt for failure to pay certain educational expenses for his handicapped daughter. In 1987, following a jury trial, a divorce decree was entered which required the appellant to pay "$250/month child support" and to "assume 50% of [the child's] reasonable educational expenses." In July of 1988, the appellant was held in contempt for failure to pay such educational expenses. The present contempt proceedings similarly involve the educational expense obligation. The appellant admits that he failed to pay any educational expenses at all for the 1989-1990 school year but contends that the amount of his obligation in this regard should have been reduced to reflect a tuition scholarship received by his daughter and that he was also entitled to a deduction from her room and board expenses to reflect the periodic child-support payments he has been making under the terms of the decree.

The total educational expenses incurred by the daughter for the school year in question, including the school's $12,500 tuition fee, amounted to at least $18,194; and the scholarship amounted to $5,500, leaving a balance of $12,694. No evidence was presented as to the child's room and board expenses. However, the appellee sought only $6,250, representing one-half of the $12,500 tuition charge. In awarding her this amount, the trial court indicated that "she had . . . at least that or more coming to her," inasmuch as the child's addi-

tional educational expenses had exceeded the amount of the scholarship. *Held*:

1. As the amount the appellant was ordered to pay represented less than 50 percent of the child's total educational expenses, even after deduction of the $5,500 scholarship, we find the appellant's contention that he did not receive credit for the scholarship to be without merit.

2. We do find merit, however, in the appellant's contention that he was entitled to a credit against the child's room and board expenses for the periodic support payments he had been making. "[W]here a divorce decree requires a husband to pay monthly child support as well as the cost of the child's attending college or some other educational institution, it is necessary to interpret the decree in order to determine whether: The husband is separately liable for room and board as part of the costs of the child's attending school, or whether the wife is obligated to pay for the child's room and board from her monthly child support payments." *Marshall v. Marshall*, 247 Ga. 598, 599 (2) (277 SE2d 662) (1981). In *Marshall*, the Supreme Court, relying on *Taylor v. Taylor*, 228 Ga. 173 (3) (184 SE2d 471) (1971), and *Jenkins v. Jenkins*, 233 Ga. 902 (3) (214 SE2d 368) (1975), concluded that where the language of the decree did not explicitly provide otherwise, the father was entitled to credit the monthly support payments against the child's expenses for room and board while away at school. As the divorce decree in the present case similarly did not specify that the appellant was required to pay the child's room and board expenses *in addition* to making periodic support payments, we hold that he, too, was entitled to such a credit. The judgment of the trial court is accordingly vacated with direction that further proceedings be held to determine the amount of room and board expenses incurred by the child during the period at issue, following which the periodic support payments made by the appellant for the same period shall be offset against those expenses.

3. Inasmuch as the evidence demonstrates a complete failure by the appellant to make any payment whatever towards the educational expense obligation, the adjudication of contempt is affirmed.

*Judgment affirmed in part and vacated in part, and case remanded with direction. Birdsong and Cooper, JJ., concur.*

DECIDED SEPTEMBER 4, 1990 —
REHEARING DENIED SEPTEMBER 24, 1990 —

*Harrison & Harrison, G. Hughel Harrison, Samuel H. Harrison*, for appellant.

*Joseph E. Cheeley, Jr., Joseph E. Cheeley III*, for appellee.